UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11932-RGS

LAWRENCE GENOVESI

v.

ANDREW NELSON, et al.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO RECONSIDER

November 28, 2011

STEARNS, D.J.

The motion is *DENIED*. Under Fed. R. Civ. P. 41(a), a plaintiff who has not been served with an answer or motion for summary judgment has an unfettered right voluntarily and unilaterally to dismiss an action. "[T]he fact that [he] did so to flee the jurisdiction or the judge does not make the filing sanctionable." *Wolters Kluwer Fin. Servs., Inc. v. Scivantage*, 564 F.3d 110, 115 (2d Cir. 2009). Moreover, "[t]he right to voluntary dismissal . . . extends as fully to cases removed from a state court as it does to cases commenced in federal court." 9 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2363 at 424 (3d ed. 2008) (noting that the elimination of a federal claim is the common resort of plaintiffs who have no desire to prosecute a removed case in federal court). While a plaintiff seeking a selective dismissal of

some claims and not others more properly proceeds by way of a Rule 15 amendment of his Complaint (as defendants note and this court has held), the practical effect is of little consequence. *See Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) ("[T]he balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation.").[1]

        SO ORDERED.

        /s/ Richard G. Stearns
        _____
        UNITED STATES DISTRICT JUDGE

---

[1] At this early stage of the litigation, the court perceives no prejudice to defendants. If the defenses to the state claims are as airtight as they are portrayed, there is no reason to suppose that the Superior Court will not act promptly and appropriately. Moreover, while the dismissal under terms of the Rule is without prejudice, the specter raised by defendants of plaintiff simply reasserting the same federal claim in state court on remand is fairly remote unless plaintiff's counsel is heedless of the sanctions that would inevitably follow.